**Russell E. LERMAN, on behalf of himself and all others similarly situated,**

v.

**Albert ARI, Acting Director, State of New Jersey, Division of Motor Vehicles Russell E. Lerman, Appellant.**

**No. 01–2533.**

United States Court of Appeals, Third Circuit.

Submitted Feb. 1, 2002.

Decided March 13, 2002.

Before NYGAARD, McKEE, and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Russell E. Lerman appeals from the District Court order dismissing his complaint for failure to state a claim upon which relief may be granted. Lerman also challenges the District Court order denying his motion to vacate the dismissal order and his motion to have the Court recuse itself. We will affirm.[1]

Lerman was issued a ticket in New Jersey for failure to stop at a stop sign. The summons issued noted a court date of November 1, 1995. Lerman did not appear in court or pay the fine. A warrant for his arrest was issued December 22, 1995. Lerman received a "Scheduled Suspension" notice prepared by the New Jersey Division of Motor Vehicles, dated January 30, 1996, informing him that his driving privileges were scheduled to be suspended on March 29, 1996, and notifying him that he could contact the municipal court clerk to satisfy the summons. Lerman did not appear in municipal court, and his license was suspended. Lerman alleges that the New Jersey procedures by which his license was suspended are unconstitutional. He alleges that he was given insufficient notice, and that a pre-suspension hearing was required. Lerman also alleges that the portion of N.J.S.A. 39:5–30(a) that allows suspension of a driver license on "any

other reasonable grounds" is unconstitutionally vague.

The District Court properly noted that Lerman was twice given notice and an opportunity to be heard; once by the initial summons, and once by the Scheduled Suspension Notice. Having ignored the two notices, as the Court noted, "Plaintiff cannot now complain that he was deprived of due process." Dist. Ct. Op., April 9, 2001, at 11. The Court also properly found that Lerman did not have standing to challenge the "any other reasonable grounds" clause, as his privileges were suspended for the statutorily provided grounds of failure to respond to a summons. *See* N.J.S.A. 39:5–30(a).

Lerman's allegations that the District Court had aligned itself with the appellee is without basis. On the contrary, the District Court issued a reprimand to the appellee at one point. Dist. Ct. Op., April 9, 2001, at 5. There is nothing in the District Court opinions that shows a bias against Lerman; Lerman cites only disagreements with an interpretation of the facts and law as they apply to his case. That is cause for appeal, not for disqualification of a judge.

For the foregoing reasons, and the reasons stated by the District Court, we will affirm.

---

1. To the extent Lerman is challenging the District Court's order granting the defendant's motion to vacate the default judgment entered in the case, we find that the District Court did not abuse its discretion in vacating the default judgment. *See Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) (court weighing equities on motion for default judgment does not use rigid formula, and default judgments are not favored in close cases).